

**SO ORDERED.**

**SIGNED this 20 day of March, 2012.**

_____
**James D. Walker, Jr.
United States Bankruptcy Judge**


UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | CASE NO. 11-53329-JDW |
| BOBBY SAMUEL DEAN and | ) | |
| DIANNE LILLIAN DEAN, | ) | |
| | ) | |
| DEBTORS. | ) | |

BEFORE

JAMES D. WALKER, JR.

UNITED STATES BANKRUPTCY JUDGE


COUNSEL

For Debtors:   G. McGregor Jordan, Jr.
               115 Vista Circle
               Macon, Georgia 31204

For Trustee:   David S. Ballard
               Post Office Box 70879
               Albany, Georgia 31708

**MEMORANDUM OPINION**

This matter comes before the Court on the Trustee's objection to Debtors' claim of exemptions. This is a core matter within the meaning of 28 U.S.C. § 157(b)(2)(B). After considering the pleadings, the evidence, and the applicable authorities, the Court enters the following findings of fact and conclusions of law in conformance with Federal Rule of Bankruptcy Procedure 7052.

**Findings of Fact**

Debtors Bobby and Dianne Dean filed a joint Chapter 7 petition on October 18, 2011. Their amended Schedule C claimed exemptions in the cash value of two life insurance policies. The husband's policy was valued at $8,854. He exempted $2,000 in value under O.C.G.A. § 44-13-100(a)(9); he exempted $5,600 in value under § 44-13-100(a)(6); and he exempted $1,254.29 in value under § 33-25-11. The wife's policy was valued at $17,876.32. She exempted $2,000 in value under O.C.G.A. § 44-13-100(a)(9); she exempted $5,600 in value under § 44-13-100(a)(6); and she exempted $10,276.32 in value under § 33-25-11. The Chapter 7 Trustee objected to the exemptions claimed under § 33-25-11. The Court held a hearing on the Trustee's objection on February 13, 2012. After considering the arguments of the parties, the Court will sustain the Trustee's objection.

**Conclusions of Law**

This facts in this case are undisputed. At issue is the legal question of the extent to which Georgia bankruptcy debtors may exempt the cash value of life insurance policies from their bankruptcy estates. The scope of the bankruptcy estate is defined by 11 U.S.C. § 541. It generally

includes "all legal or equitable interests of the debtor in property as of the commencement of the case." Id. § 541(a)(1). Under § 522(b)(1), "an individual debtor may exempt from property of the estate the property listed in either paragraph (2) or, in the alternative, paragraph (3)[.]" Paragraph (2) allows the debtor to take the federal bankruptcy exemptions listed in § 522(d) unless state law expressly prohibits it. Paragraph (3) allows the debtor to exempt "any property that is exempt under Federal law, other than [§ 522(d)], or State or local law that is applicable on the date of the filing of the petition[.]" Id. § 522(b)(3)(A).

Georgia has opted out of the federal bankruptcy exemptions, instead allowing debtors to exempt "only such property as may be exempted from the estate pursuant to 11 U.S.C. Section 522(b)[(3)](A) and (B)." O.C.G.A. § 44-13-100(b) (2002)[1] Thus, Georgia bankruptcy debtors may exempt "any property that is exempt under ... State or local law." 11 U.S.C. § 522(b)(3)(A).

Two provisions of the Georgia Code specifically address the cash surrender value of life insurance policies. In one provision, the amount of value protected from creditors is limited to $2,000; in the other provision, the protected amount is unlimited. Section 44-13-100(a)(9) provides that a debtor may exempt his "aggregate interest, not to exceed $2,000.00 in value ... in any ... unmatured life insurance contract owned by the debtor under which the insured is the debtor or an individual of whom the debtor is a dependent[.]" By contrast, § 33-25-11(c) (Supp. 2011), which is part of the Georgia Insurance Code, provides that "[t]he cash surrender values of life insurance policies issued upon the lives of citizens or residents of this state, upon whatever

---

[1] O.C.G.A. § 44-13-100 actually references 11 U.S.C. § 522(b)(2) rather than (b)(3). In a 2005 amendment, § 522(b)(2) was redesignated as § 522(b)(3). Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8 § 224, 119 Stat. 23 (2005). The Georgia statute was last amended in 2001 and, thus, still reflects the prior numbering of 11 U.S.C. § 522.

form, shall not in any case be liable to attachment, garnishment, or legal process in favor of any creditor of the person whose life is so insured[.]"

Debtors argue that the reference to state law in 11 U.S.C. § 522(b)(3)(A) includes all provisions of the Georgia Code that protect property from the reach of creditors. As a result, they may use the unlimited exemption in § 33-25-11(c). The Trustee argues that because Georgia designates specific provisions for use in bankruptcy, Debtors may only use the designated provisions found in § 44-13-100(a). Both parties rely on the language of O.C.G.A. § 44-13-100(a) to support their arguments.

O.C.G.A. § 44-13-100(a) provides as follows: "In lieu of the exemption provided in Code Section 44-13-1,[2] any debtor who is a natural person may exempt, pursuant to this article, for purposes of bankruptcy, the following property ...." It then lists 12 categories of exemptions, including the $2,000 exemption for the cash value of unmatured life insurance policies. Debtors make two points: First, the exemptions in § 44-13-100 are expressly "in lieu" of the general exemption in § 44-13-1, but not in lieu of any other exemptions. Second, the statute has no language either expressly limiting bankruptcy debtors to § 44-13-100 or expressly excluding them from using other exemptions. The Trustee, on the other hand, contends the phrase, "for purposes of bankruptcy," demonstrates the legislature's intent to provide a separate and exclusive slate of exemptions applicable to bankruptcy debtors.

The Court agrees with the Trustee. Section 44-13-100(a) is a self-contained unit. The legislature used it both to opt out of the federal bankruptcy exemptions and to provide a list of

---

[2] Section 44-13-1 provides that $5,000 in value of any real or personal property of the debtor is "exempt from levy and sale by virtue of any process whatever[.]" O.C.G.A. § 44-13-1.

4

alternative exemptions "for purposes of bankruptcy." The Georgia Code does not expressly authorize the use of any other exemptions for bankruptcy purposes. And, there is no indication the legislature intended bankruptcy debtors to take a piecemeal approach to exemptions by looking beyond § 44-13-100 to topics in the Georgia Code wholly unrelated to bankruptcy for possible exemptions. Furthermore, the Court has no basis to conclude, as Debtors urge, that by providing the bankruptcy exemptions "in lieu of" the exemption in § 44-13-1, the legislature intended its list of bankruptcy exemptions to serve as a mere supplement to other exemptions sprinkled throughout the Georgia Code, including O.C.G.A. § 33-25-11.

Debtors also argue that the $2,000 exemption in § 44-13-100(a)(9) was repealed by the enactment of § 33-25-11(c). Section 33-25-11(c) was enacted in 2006 as part of House Bill 1304. The preamble to the Bill states its purpose was to amend the Georgia Insurance Code "so as to provide that neither the cash surrender values nor the proceeds of life insurance policies and annuity contracts shall be liable to attachment, garnishment, or legal process in favor of any creditor of the person for whose use or benefit the policy or contract was executed[.]" 2006 Ga. Laws Act 868 (H.B. 1304). The Bill contained four sections. Section 1 amended O.C.G.A. § 33-25-11, by striking the prior provision and replacing it with the current language. Prior to the amendment, § 33-25-11 did not protect the cash surrender value of life insurance policies. Section 2 amended O.C.G.A. § 33-28-7 in a similar manner. The prior language was replaced in its entirety, with the new language removing annuities from the reach of creditors. Section 3 provided for the effective date of the bill. Section 4 provided: "All laws and parts of laws in conflict with this Act are repealed." The language of Section 4 does not appear in either § 33-25-11 or § 33-28-7 as enacted.

5

Debtors argue that Section 4 of H.B. 1304 repeals § 44-13-100(a)(9) to the extent it conflicts with § 33-25-11(c). However, there is no conflict between the two. Section § 44-13-100(a) is a specific statute with the limited purpose of removing property from a debtor's bankruptcy estate. Section § 33-25-11(c), by contrast, is a more general statute that limits the remedies of creditors outside of bankruptcy. See In re Allen, No. 10-50827 JPS, 2010 WL 3958171, at *3 (Bankr. M.D. Ga. Oct. 4, 2010) (Smith, J.); In re Ryan, No. 11-40712, 2012 WL 423854, at *2 (Bankr. S.D. Ga. Jan. 19, 2012) (Davis, J.); accord Southstar Energy Servs. LLC v. Ellison, 286 Ga. 709, 712, 691 S.E.2d 203, 205 (Ga. 2010) (holding that a specific statute prevails over a general statute absent evidence of legislative intent to the contrary).

Judge Smith considered this issue in the context of O.C.G.A. § 33-28-7, which is the annuity exemption that was enacted with § 33-25-11 as part of H.B. 1304 in 2006. In Allen, the debtor sought to exempt a $66,000 annuity in its entirety under O.C.G.A. § 33-28-7, instead of relying on any of the more restrictive provisions in § 44-13-100(a). Id. at *1-2. In deciding the case, the court considered whether § 33-28-7 conflicted with § 44-13-100, and found it did not. Id. at *3. The very existence of § 44-13-100 demonstrates that the "Georgia Legislature knows how to enact exemption rights applicable to bankruptcy cases." Id. (citing former O.C.G.A. § 51-1301.1, 1980 Ga. Laws, p.952, Georgia's first bankruptcy-specific exemption statute). Furthermore, nothing in the language of either § 33-25-11 or § 33-28-7 indicates the legislature intended them to be used to exempt property from a debtor's bankruptcy estate bankruptcy or to amend § 44-13-100. See id. On the contrary, when the legislature wants to amend the bankruptcy exemptions, it does so by directly amending § 44-13-100. Id.

Debtors urge the Court to reject Allen, and rely, instead, on Judge Davis' decision in In re

6

Fullwood, 446 B.R. 634 (Bankr. S.D. Ga. 2010), for the proposition that exemptions outside of § 44-13-100 may apply in bankruptcy. In Fullwood, the debtor received a worker's compensation settlement of $94,000 for injuries suffered after his Chapter 13 plan was confirmed. Id. at 635. The court held the debtor could exempt the settlement from his bankruptcy estate pursuant to O.C.G.A. § 34-9-84, which fully exempts worker's compensation claims from "all claims of creditors." In reaching its decision, the court was influenced by the history of the two exemption statutes. Section 44-13-100 provides no specific exemption for worker's compensation benefits. However, when the Georgia legislature enacted bankruptcy-specific exemptions for the first time in 1980, it did so "in the context of a long history exempting Workers' Compensation awards from all claims of creditors." Id. at 637. That history had begun as early as 1920. Id. "The drafters of the legislation assuredly thought that [the phrase] 'exempt from all claims of creditors' [in § 34-9-84] was strong enough language to ensure that a debtor did not lose rights by declaring bankruptcy." Id.

In a later case, Judge Davis distinguished the worker's compensation exemption at issue Fullwood from O.C.G.A. § 33-25-11. In re Ryan, No. 11-40712, 2012 WL 423854 (Bankr. S.D. Ga. Jan. 19, 2012). In Ryan, the debtor attempted to exempt the full cash surrender value of a life insurance policy pursuant to O.C.G.A. § 33-25-11(c), citing Fullwood in support of his position. Id. at *1. The court found Fullwood unhelpful. The worker's compensation exemption at issue in Fullwood pre-dated Georgia's first bankruptcy-specific exemptions by 60 years, but the same is not true of § 33-25-11(c). The bankruptcy exemptions originated in 1980, while the exemption on the cash value of life insurance originated 14 years later in 2006. See id. at *1-2. Thus, there is no historical basis for allowing the use of § 33-25-11(c) in bankruptcy. Id. at *2.

7

In addition to the historical differences, the court pointed out significant differences in the language of the worker's compensation exemption and § 33-25-11(c). Id. at *3. The worker's compensation exemption broadly "exempt[s]" benefits from all claims of creditors. Id. at 3. Section 33-25-11(c) "more narrowly protects cash surrender value from 'attachment, garnishment, and legal process,' but does not purport to exempt it from all claims of creditors." Id.

After distinguishing Fullwood, the court considered Judge Smith's reasoning in Allen, finding it "informative." Id. at *2. "Much like the debtor's suggestion in Allen, Debtor's proposed reading of O.C.G.A. § 33-25-11, would eviscerate and make superfluous O.C.G.A. § 44-13-100(a)(9)," while running afoul of Georgia's rules of statutory interpretation. Id.

> The first presumption of statutory interpretation in Georgia is that "the General Assembly had full knowledge of the existing state of the law and enacted the statute with reference to it." ... Thus, we must assume the Georgia Legislature knew the bankruptcy statute addressed and limited the exemption of cash surrender value of insurance policies from the bankruptcy estate and did not intend to alter that provision since it did not amend that portion of the statute or clearly overrule it.

Id. (quoting Nuci Phillips Mem'l Found. Inc. v. Athens-Clarke Cty. Bd. of Tax Assessors, 288 Ga. 380, 381, 703 S.E.2d 648, 649 (2010) (citing Chase v. State, 285 Ga. 693, 695, 681 S.E.2d 116, 118 (2009)).

The Court agrees with the reasoning in Allen and Ryan. Section 44-13-100 by its express terms applies to bankruptcy debtors. By contrast, nothing in the history or language of § 33-25-11(c) indicates the legislature intended it to apply in bankruptcy. Therefore, the Court will sustain the Trustee's objection and rule that O.C.G.A. § 33-25-11(c) is unavailable for purposes of

8

exempting property from a debtor's bankruptcy estate.

An Order in accordance with this Opinion will be entered on this date.

END OF DOCUMENT